UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ATHERTON APARTMENT HOMES,<br><br>            Plaintiff,<br><br>    v.<br><br>KRISTI HERRERA,<br><br>            Defendant. | No. 2:21-cv-01830-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant Kristi Herrera's ( "Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 3.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of San Joaquin due to lack of subject matter jurisdiction and DENIES Defendant's Motion to Proceed in Forma Pauperis as moot.

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2021, Plaintiff The Atherton Apartment Homes ("Plaintiff") brought an action for unlawful detainer against Defendant for possession of real property located at 717 W. Atherton Drive #115, Manteca, California 95337 (the "Property"). (ECF No. 1 at 7.) On October 4, 2021, Defendant filed a Notice of Removal removing this unlawful detainer action from the San Joaquin County Superior Court. (*See id.*)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009), *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1658, *and* 136 S. Ct. 1666 (2016); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

### III. ANALYSIS

Defendant removed this action on the basis of federal question jurisdiction. (ECF No. 1 at 2–3.) To support her claim of federal question, Defendant argues she filed a demurrer to Plaintiff's Complaint that "depend[s] on the determination of [her] rights and Plaintiff's duties under federal law." (*Id.* at 2.) Defendant notes the demurrer was not sustained by the San Joaquin County Superior Court. (*Id.*)

Despite Defendant's assertion, it is clear the Complaint itself contains only a single claim for unlawful detainer. (*Id.* at 6–9.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Defendant does not explain how federal laws and regulations are pleaded on the face of Plaintiff's Complaint. For Plaintiff's suit to "arise under" federal law, Plaintiff's "statement of [her] own cause of action" must "show[] that it is based upon [federal law]." *See Vaden*, 556 U.S. at 60–62.

Because the Complaint indicates the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case *sua sponte* for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin and DENIES Defendant's Motion to Proceed in Forma Pauperis (ECF No. 3) as moot.

IT IS SO ORDERED.

Dated:  October 5, 2021

Troy L. Nunley
United States District Judge

3